1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| FRANK WHITTY and TAZU WHITTY,<br><br>                Plaintiffs,<br><br>   vs.<br><br><br>FIRST NATIONWIDE MORTGAGE CORPORATION, CITIMORTGAGE INC., CITIGROUP INC., CHASE MANHATTAN BANK, N.Y., WILLIAM WHEELER, SALLIE KRAWCHECK, and DOES 1 THROUGH 80,<br><br>                Defendants. | CASE NO. 05-CV-1021 H (BLM)<br><br>ORDER GRANTING DEFENDANT JP MORGAN CHASE BANK N.A.'s MOTION TO DISMISS AND DENYING WITHOUT PREJUDICE DEFENDANT JP MORGAN CHASE BANK N.A.'s MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES<br><br>[Doc. Nos. 33 & 35] |

On May 11, 2005, pro se Plaintiffs Frank and Tazu Whitty ("Plaintiffs") brought this suit alleging twenty-five causes of action arising from the foreclosure of their real property located at 13992 Putney Road in Poway, California ("the property"), the adverse judgment in state court case Whitty v. First Nationwide Mortgage Corp., et al., San Diego Superior Court Case Number GIC789369 ("the state suit"), and numerous bankruptcy proceedings.  (Doc. No. 1.)  On August 22, 2006, Plaintiffs filed a Second Amended Complaint ("SAC") alleging fifteen causes of action against Defendants Chase

1  Manhattan Bank N.Y., First Nationwide Mortgage Corporation ("FNMC"),
2  CitiMortgage Inc. ("CMI"), CitiGroup Inc. ("CGI"), Sallie Krawcheck, William
3  Wheeler, and Does 1-80. (Doc. No. 24.) On October 27, 2006, Defendant JP Morgan
4  Chase Bank N.A., f/k/a The Chase Manhattan Bank, sued as Chase Manhattan Bank
5  N.Y. ("Chase") filed a motion to dismiss for failure to state a claim upon which relief
6  may be granted, (Doc. No. 35), and a motion to strike Plaintiffs' prayer for improperly
7  asserted punitive damages. (Doc. No. 33.) On November 13, 2006, Defendants FNMC,
8  CMI, CGI, Sallie Krawcheck, and William Wheeler filed a notice of non-opposition to
9  Chase's motion to dismiss. (Doc. No. 43.) Plaintiffs did not file an opposition to
10 Chase's motion to dismiss or motion to strike prayer for punitive damages. According
11 to Defendants FNMC, CMI, CGI, Sallie Krawcheck, and William Wheeler, Plaintiff
12 Frank Whitty is a law school graduate and candidate for admission to the State Bar of
13 California. (Doc. No. 38, at 3.)

14        This matter is submitted on the papers pursuant to Local Civil Rule 7.1(d)(1). For
15 the following reasons, the Court **GRANTS WITH PREJUDICE** Chase's motion to
16 dismiss Plaintiffs' claims for intentional interference with prospective economic
17 advantage (claim one), negligence (claim three), wire fraud (claim four), mail fraud
18 (claim five), interference with contract (claim six), fraud on the court (claim eleven),
19 contempt of federal bankruptcy orders (claim twelve), interference with a court trial
20 (claim thirteen), fixing the outcome of a trial (claim fourteen), and wrongful prevention
21 (claim fifteen). The Court **GRANTS WITHOUT PREJUDICE** Chase's motion to
22 dismiss Plaintiffs' claims for fraud (claim two), breach of contract (claim seven),
23 conversion (claim eight), unfair business practices (claim nine), and breach of the
24 covenant of good faith and fair dealing (claim ten). The Court **GRANTS** Plaintiffs 30
25 days from the date this order is stamped "filed" to file an amended complaint correcting
26 the deficiencies of the SAC as to the claims dismissed without prejudice. The Court
27 **DENIES WITHOUT PREJUDICE** Chase's motion to strike Plaintiffs' prayer for
28 punitive damages as **MOOT**.

**Background**

In 1992, Plaintiffs obtained a $385,000 loan from Beverly Hills Financial, secured by the property.  (SAC ¶¶ 9-10.)  Beverly Hills Financial was purchased by Texas Commerce Bank in 1993, and thereafter Plaintiffs' loan was serviced by Lomas Mortgage Corporation ("Lomas")  from 1993 to 1996.  (Id. ¶ 10.)  Lomas initiated foreclosure proceedings against the property in February 1994, alleging that Plaintiffs were in default.  (Id. ¶¶ 11-12.)  Plaintiffs filed bankruptcy on June 10, 1994, in order to prevent the foreclosure.  (Id. ¶¶ 15-16.)  In early 1996, Plaintiffs were informed that FNMC had taken over servicing Plaintiffs' loan for Chase, the new loan owner.  (Id. ¶ 20.)

On September 27, 1997, Plaintiffs converted their chapter 11 bankruptcy suit to a chapter 13 suit.  (Id. ¶ 23.)  On July 8, 1998, the bankruptcy court issued an order limiting the arrearage to $47,602.23 as of September 1997.  (Id. ¶¶ 24-25.)  On April 17, 2001, Plaintiffs voluntarily dismissed their bankruptcy case, case number 96-10478.  (Id. ¶ 41.)

On June 19, 2001, FNMC filed another foreclosure against the property.  (Id. ¶ 42.)  The property was sold at foreclosure to a third party on June 3, 2002 for $516,285.49.  (Id. ¶¶ 45-47.)

On May 29, 2002, Plaintiffs filed suit against Chase and others in the state suit.  (Chase's Request For Judicial Notice, Exh. 1, at 1.)  On May 3, 2004, the day the state suit was to begin, the court dismissed Chase as a party to the state suit.  (Id. at 6.)  On June 8, 2004, Plaintiffs received the final, adverse judgement in the state suit.  (Id.)

**Discussion**

**A.     Request For Judicial Notice**

Attached to their motion to dismiss, Chase submitted a request that the Court take judicial notice of a copy of the court docket from Whitty v. First Nationwide Mortgage Corp. et. al, San Diego Superior Court Case Number GIC789369.  Federal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without,

if the proceedings directly relate to the matters before the court.  See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, the Court takes judicial notice of the requested record.

**B.      Motion To Dismiss**

Chase has moved to dismiss Plaintiffs' entire suit against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  In considering the sufficiency of a complaint under Rule 12(b)(6), courts cannot grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–338 (9th Cir. 1996).

Dismissal is proper, however, if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation.  See  North Star Intern. v. Arizona Corp. Com'n, 720 F.2d 578, 583 (9th Cir. 1983).  Furthermore, a court may not "supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  If a complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995).

/ / /

/ / /

/ / /

**1.    Sufficiency Of Alleged Facts Of The Intentional Interference With Prospective Economic Advantage And Intentional Interference With Contract Claims**

The elements of Plaintiffs' first cause of action, intentional interference with prospective economic advantage, are:

(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff;

(2) the defendant's knowledge of the relationship;

(3) intentional acts on the part of the defendant designed to disrupt the relationship;

(4) actual disruption of the relationship; and

(5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003).  The elements of Plaintiffs' sixth cause of action, interference with contracts, also called interference with contractual relations, are:

(1) the existence of a valid contract between the plaintiff and a third party;

(2) the defendant's knowledge of that contract;

(3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship;

(4) actual breach or disruption of the contractual relationship; and

(5) resulting damage.

Reeves v. Hanlon, 33 Cal. 4th 1140, 1148 (2004).  Chase argues that Plaintiffs have alleged insufficient facts to support either claim because Plaintiffs failed to allege that Chase had the knowledge required by the second element of both claims.

Plaintiffs allege in their first claim that FNMC disrupted Plaintiffs' economic relationship with several potential lenders and a potential purchaser of the property. (SAC ¶ 169.)  They also allege that FNMC knew of the details of each of those

prospective economic activities, but they do not allege that Chase knew of the existence of the economic relationships. (SAC ¶ 168.) Therefore, Plaintiffs have failed to allege sufficient facts to support their claim of intentional interference with prospective economic advantage against Chase.

Plaintiffs' allegation that Chase is vicariously liable for all damages caused by FNMC during the time that Chase owned the note on the property does not save the claim. Plaintiffs offer no authority supporting the theory that a bank that owns a note is vicariously liable for the actions of a mortgage company that services the loan. Absent such authority, Plaintiffs' conclusory allegations fail to state a claim for vicarious liability upon which relief may be given. Accordingly, the Court grants Chase's motion to dismiss the first claim based on Plaintiffs failure to allege sufficient facts to support their theory of intentional interference with prospective economic advantage.

Plaintiffs allege in their sixth claim that Defendants intentionally interfered with contracts between Plaintiffs and several potential lenders, a potential purchaser of the property, and Plaintiffs' attorney in the state suit. (SAC ¶ 196.) Although Plaintiffs allege that Defendants knew of the existence of Plaintiffs attempts to refinance or sell the property, it is clear from the totality of the SAC that Plaintiffs are referring to FNMC, not Chase. Additionally, Plaintiffs have failed to allege sufficient facts to support their allegation of Chase's interference with the contract between Plaintiffs and Plaintiffs' attorney in the state suit, and dismissal of this claim with prejudice is proper because the defect appears to not be curable by amendment. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1108 (9th Cir. 2003). Furthermore, as previously discussed, Plaintiffs have not sufficiently pleaded that Chase is vicariously liable for FNMC's alleged intentional interference with contract. Accordingly, the Court grants Chase's motion to dismiss the first and sixth claims against them.

### 2. Requirement of Pleading Claim Of Fraud With Particularity

In their second claim, Plaintiffs allege that Defendants made many material misrepresentations to Plaintiffs and to the bankruptcy court, constituting fraud. (SAC

¶ 175.) In diversity cases, the substantive elements of fraud are determined by state law, but those elements must be pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). <u>See</u> <u>Vess</u>, 317 F.3d at 1103. To survive a motion to dismiss, a plaintiff must plead claims of fraud with particularity, although intent, knowledge, and other conditions of mind may be averred generally. <u>See</u> Fed. R. Civ. P. 9(b); <u>see also</u> <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d 656, 662-63 & 663 n.2 (9th Cir. 1999) (requiring party to plead each state law element of fraud with particularity under Rule 9(b)). The allegations of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. <u>See</u> <u>Vess</u>, 317 F.3d at 1106. The allegations must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud so that they can defend against the charge and not just deny that they have done anything wrong. <u>See</u> <u>id.</u>

The elements of intentional misrepresentation in California are: (1) a misrepresentation; (2) knowledge of its falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. <u>See</u> <u>Agosta v. Astor</u>, 120 Cal. App. 4th 596, 603 (2004). Applying the standards set by law, the Court concludes that Plaintiffs have failed to allege any misrepresentations made by Chase, and therefore have not plead any misrepresentations made by Chase with particularity. Additionally, as previously discussed, Plaintiffs have not sufficiently pleaded that Chase is vicariously liable for FNMC's alleged fraud. Accordingly, the Court grants Chase's motion to dismiss the second claim against them.

**3. Sufficiency Of Alleged Facts Regarding Claim For Breach Of Contract**

In their seventh claim, Plaintiffs allege that Chase breached its contract with Plaintiffs. (SAC ¶¶ 204-07.) The elements of a breach of contract claim are: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. <u>See</u> <u>First Commercial Mortgage Co. v. Reece</u>, 89 Cal. App. 4th 731, 745 (2001). Bare statements that a defendant "breached" or "violated his contract" are insufficient allegations because they

are merely conclusions of law.  See Byrne v. Harvey, 211 Cal. App. 2d 92, 105 (1962); Wise v. Southern Pac. Co., 223 Cal. App. 2d 50, 60 (1963).  Rather, either the language of the contract or the legal effect of the contract alleged to have been breached must be plead.  See Construction Protective Services, Inc. v. TIG Specialty Ins. Co., 29 Cal. 4th 189, 198-199 (2002); see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2006) ¶ 6:132.  The Court concludes that Plaintiffs have failed to identify either the language of the contract or the legal effect of the contract that Chase is alleged to have breached.  Furthermore, as previously discussed, Plaintiffs have not sufficiently pleaded that Chase is vicariously liable for FNMC's alleged breach of contract.  Accordingly, the Court grants Chase's motion to dismiss the seventh claim against them.

### 4.  Sufficiency Of Alleged Facts Regarding Claim For Negligence

In their third claim, Plaintiffs allege that Chase negligently breached their fiduciary duty to Plaintiffs, causing Plaintiffs' loss of the property.  (SAC ¶¶ 179-84.) The elements of a negligence claim are: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of duty; (3) injury to plaintiff as a result of the breach; and (4) damage to plaintiff.  See Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 141 (1986).  "A complaint which lacks allegations of fact to show that a legal duty of care owed is fatally defective." Hegyes v. Unjian Enterprises, Inc., 234 Cal. App. 3d 1103, 1111 (1991).  Furthermore:

> [A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. . . . Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'

Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991). Plaintiffs have not alleged any facts, or offered any authority, to support the claim that

Chase under these circumstances owed a legal duty of care toward Plaintiffs. Furthermore, Plaintiffs have not sufficiently pleaded that Chase is vicariously liable for FNMC's alleged negligence. Accordingly, the Court grants Chase's motion to dismiss the third claim against them.

### 5.   Availability Of Private Right Of Action For Wire Or Mail Fraud

In their fourth and fifth claims, Plaintiffs allege that Chase committed wire fraud and mail fraud against Plaintiffs. (SAC ¶¶ 185-94.) "Wire fraud" and "mail fraud" are crimes. See, e.g., 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud). Neither California nor the United States confers private rights of action to sue for damages resulting from the violations of regulatory or criminal statutes unless the legislatures intended to provide such a right. See Savini Construction Co. v. Crooks Brothers Construction Co., 540 F.2d 1355, 1358 (9th Cir. 1974); Vikco Ins. Services, Inc. v. Ohio Indem. Co., 70 Cal. App. 4th 55, 62-63 (1999). Plaintiffs have cited no authority to support that there is a private right of action to sue for damages resulting from these crimes. Moreover, dismissal with prejudice is proper since the defect appears to not be curable by amendment. See Vess, 317 F.3d 1097, 1108 (9th Cir. 2003). Accordingly, the Court grants Chase's motion to dismiss the fourth and fifth claims against them with prejudice.

### 6.   Sufficiency Of Alleged Facts Regarding Claim For Conversion

Plaintiffs' eighth claim is for the tort of conversion. (SAC ¶¶ 208-15.) The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. See AmerUS Life Ins. Co. v. Bank of America, N.A., 143 Cal. App. 4th 631, 642 n.4 (2006). Plaintiffs allege that FNMC sold the property for $516,285.49, which they allege is $276,417.54 more than Plaintiffs owed. Plaintiffs fail to allege that Chase took any actions through which it acquired any portion of the alleged $276,417.54 surplus. Furthermore, as previously discussed, Plaintiffs have not sufficiently pleaded that Chase is vicariously liable for

1  FNMC's alleged conversion. Accordingly, the Court grants Chase's motion to dismiss
2  the eighth claim against them.

3  **7.  Sufficiency Of Alleged Facts Regarding Claim For Unfair Business**
4  **Practices**

5  Plaintiffs' ninth claim alleges violations of the California Unfair Practices Act,
6  section 17000 et seq. of the California Business and Professions Code. (SAC ¶¶ 216-
7  18.) "A plaintiff alleging unfair business practices under these statutes must state with
8  reasonable particularity the facts supporting the statutory elements of the violation."
9  Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993). Plaintiffs fail
10  to state what section of the statutory scheme was allegedly violated, and fail to describe
11  with any reasonable particularity facts supporting the violation. Accordingly, the Court
12  grants Chase's motion to dismiss the ninth claim against them.

13  **8.  Sufficiency Of Alleged Facts Regarding Claim For Breach Of**
14  **Covenant Of Good Faith And Fair Dealing**

15  Plaintiffs' tenth claim alleges a breach of the covenant of good faith and fair
16  dealing. (SAC ¶¶ 219-22.) "[E]very contract imposes upon each party a duty of good
17  faith and fair dealing in the performance of the contract such that neither party shall do
18  anything which will have the effect of destroying or injuring the right of the other party
19  to receive the fruits of the contract." Storek & Storek, Inc. v. Citicorp Real Estate, Inc.,
20  100 Cal. App. 4th 44, 55 (2002). Breach of the covenant of good faith and fair dealing
21  gives rise to a contract action or, in limited contexts, a tort action with the tort measure
22  of compensatory damages and the right to recover punitive damages. See 1 Witkin,
23  Summary of Cal. Law (10th ed. 2005) Contracts, § 800, p. 894. Plaintiffs have not
24  identified which type of action they are asserting, but they did request punitive damages,
25  indicating that they are seeking recovery in tort. Tort recovery for the breach of the
26  covenant of good faith and fair dealing based on a noninsurance contract is generally
27  precluded, at least in the absence of violation of an independent duty arising from
28  principles of tort law. See Sutherland v. Barclays Amer./Mortg. Corp., 53 Cal. App. 4th

299, 314 (1997).  Plaintiffs have not identified an independent duty owed by Chase that would give rise to a claim in tort for the breach of the covenant of good faith and fair dealing.  Furthermore, Plaintiffs have done nothing more than allege in a conclusory fashion that Defendants breached all standards of the covenant of good faith and fair dealing, without alleging any facts to support a theory that Chase breached the covenant, precluding the Court from permitting Plaintiffs claim to survive Chase's motion to dismiss even if considered as a contract action.  Accordingly, the Court grants Chase's motion to dismiss the tenth claim against them.

**9.    Availability of Private Right Of Action For Fraud on The Court**

Plaintiffs' eleventh claim alleges Defendants committed a fraud on both the bankruptcy court and the superior court in San Diego County.  (SAC ¶¶ 223-29.)  While such a claim may be the basis of an appeal of the judgments in those courts, or the grounds for an equitable suit in state court, see Olivera v. Grace, 19 Cal. 2d 570, 575 (1942), Plaintiffs have not cited any authority for a federal cause of action.  Moreover, it appears this defect is not curable by amendment.  Accordingly, the Court grants Chase's motion to dismiss the eleventh claim against them with prejudice.

**10.   Availability of Private Right Of Action For Contempt Of Bankruptcy Court Orders, Interference With Trial Court, And Fixing The Outcome Of Trial Court**

Plaintiffs' twelfth claim alleges that FNMC and other defendants defied and acted in contempt of the bankruptcy court.  (SAC ¶¶ 230-34.)  Plaintiffs' thirteenth and fourteenth claims identically allege Defendants corrupted Plaintiffs' attorney and perpetrated a fraud on the court in the state suit.  (SAC ¶¶ 235-42.)  None of these claims are recognized common law or statutory claims that may appropriately be brought in this Court.  Moreover, it appears these defects are not curable by amendment.  Accordingly, the Court grants Chase's motion to dismiss the twelfth, thirteenth, and fourteenth claims against them with prejudice.

**11.    Availability of Private Right Of Action For Wrongful Prevention**

Plaintiffs' fifteenth claim is worded as a purported cause of action for "wrongful prevention."  (SAC ¶¶ 243-46.)  Plaintiffs have not cited any authority to demonstrate that this is a federal cause of action.  The Court concludes the claim is merely a repeat of Plaintiffs' first claim for intentional interference with prospective economic advantage, which the Court is dismissing with prejudice.  <u>See</u> <u>infra</u> § B(12).  Accordingly, the Court grants Chase's motion to dismiss the fifteenth claim against them with prejudice.

**12.    Statute Of Limitations Of Claims For Intentional Interference With Prospective Economic Advantage, Negligence, And Interference With Contract**

In their first cause of action, Plaintiffs allege that Chase intentionally interfered with Plaintiffs' prospective economic advantage through FNMC.  (SAC ¶¶ 168-173.)  These actions are alleged to have caused the Plaintiffs damage on June 3, 2002, the date of the foreclosure sale.  (<u>Id.</u> ¶ 170.)

In their third cause of action, Plaintiffs allege that Chase, as the owner of the Plaintiffs' loan, had fiduciary and other duties to Plaintiffs, which Chase breached by its conduct.  (SAC ¶¶ 179-184.)

In their sixth cause of action, Plaintiffs allege that Chase interfered with contractual relations between themselves and several potential lenders, a potential purchaser of the property, and Plaintiffs' attorney in the state suit.  (<u>Id.</u> ¶¶ 196-203.)

Chase argues that because Plaintiffs' original complaint in this suit was filed on May 11, 2005, greater than two years after the alleged injury, the first, third, and sixth causes of action should be dismissed, without leave to amend, based on the statute of limitations.  The Court takes notice that the state court action commenced on May 29, 2002.

"If the running of the statute of limitations is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." <u>Jablon v. Dean Witter &</u>

Co., 614 F.2d 677, 682 (9th Cir. 1980). Federal courts exercising diversity jurisdiction use the relevant state's statute of limitation. See Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1306 (9th Cir. 1992). In California, "[t]he statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded." Quintilliani v. Mannerino, 62 Cal. App. 4th 54, 66 (1998) (quoting Day v. Greene, 59 Cal. 2d 404, 411 (1963)). It is the gravamen of the complaint, not the form of action, that determines the limitations period. See id. (citing Davis & Cox v. Summa Corp., 751 F.2d 1507, 1520 (9th Cir. 1985)).

In California, a contract, obligation, or liability not founded upon an instrument in writing is subject to a two-year statute of limitations. See Cal. Civ. Proc. Code § 339(1); see also Augusta v. United Service Automobile Assn., 13 Cal. App. 4th 4, 10 (1993) ("[A] cause of action for interference with prospective economic advantage. . . is governed by the two-year limitations period of section 339, subdivision 1 . . . ."); Richardson v. Allstate Ins. Co., 117 Cal. App. 3d 8, 12 (1981) ("A cause of action for interference with contractual relations is governed by the two-year limitations period of section 339, subdivision 1 . . . ."). Therefore, Plaintiffs' first, third, and sixth causes of action are subject to a two-year statute of limitations. Moreover, Plaintiffs have not alleged that the statute of limitations should be tolled. See, e.g., Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995).

The statute of limitations under section 339(1) begins to run from the date the plaintiff discovers or should have discovered the suffered loss or damage. See Cal. Civ. Proc. Code § 339(1); see also Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1143 (1990). The face of the SAC makes clear that Plaintiffs' discovered the damages based on the claims for intentional interference with prospective economic advantage and negligence no later than June 3, 2002, the date the property was sold in the foreclosure sale. Plaintiffs similarly discovered the damages from the interference with contract claim based on the alleged interference with contracts between Plaintiffs and potential lenders through which Plaintiffs could refinance the property, and a potential purchaser

of the property, no later than June 3, 2002.  Accordingly, the Court grants Chase's motion to dismiss Plaintiffs' claims for intentional interference with prospective economic advantage and negligence, and the claim for interference with contract regarding the contracts between Plaintiffs and potential lenders, and between Plaintiffs and a potential purchaser of the property, with prejudice.  As the Court has previously dismissed Plaintiffs' claim for interference with contract regarding the contract between Plaintiffs and Plaintiffs' attorney in the state suit, the statute of limitations argument is moot.

**C.    Motion To Strike Prayer For Improperly Asserted Punitive Damages**

Since the Court has previously granted Chase's motion to dismiss Plaintiffs' entire suit against Chase, Chase's motion to strike Plaintiffs' prayer for punitive damages asserted against Chase in Plaintiffs' claims for intentional interference with prospective economic advantage (SAC ¶ 173), negligence (SAC ¶ 184), unfair business practices (SAC ¶ 218), breach of the covenant of good faith and fair dealing (SAC ¶ 222), fraud on the court (SAC ¶ 229), contempt of federal bankruptcy orders (SAC ¶ 234), interference with a court trial (SAC ¶ 238), fixing the outcome of a trial (SAC ¶ 242), and wrongful prevention (SAC ¶ 246), and the prayer for punitive damages  asserted against all Defendants jointly and severally (SAC ¶ 247), is moot.  The Court notes, however, that punitive damages are not available on a claim for unfair business practices. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003).

## Conclusion

For the reasons discussed, the Court **GRANTS WITH PREJUDICE** Chase's motion to dismiss Plaintiffs' claims for intentional interference with prospective economic advantage (claim one), negligence (claim three), wire fraud (claim four), mail fraud (claim five), interference with contract (claim six), fraud on the court (claim eleven), contempt of federal bankruptcy orders (claim twelve), interference with a court trial (claim thirteen), fixing the outcome of a trial (claim fourteen), and wrongful prevention (claim fifteen).  The Court **GRANTS WITHOUT PREJUDICE** Chase's

1   motion to dismiss Plaintiffs' claims for fraud (claim two), breach of contract (claim

2   seven), conversion (claim eight), unfair business practices (claim nine), and breach of

3   the covenant of good faith and fair dealing (claim ten).  The Court **GRANTS** Plaintiffs

4   30 days from the date this order is stamped "filed" to file an amended complaint

5   correcting the deficiencies of the SAC as to the claims dismissed without prejudice.  The

6   Court **DENIES WITHOUT PREJUDICE** Chase's motion to strike Plaintiffs' prayer

7   for punitive damages as **MOOT**.

8           IT IS SO ORDERED.

9   DATED:  December 1, 2006

10

11                                                MARILYN L. HUFF, District Judge
                                                  UNITED STATES DISTRICT COURT

12

13

14

15

16  COPIES TO:
    Frank Whitty
17  Tazu Whitty
    12721 Coachman Court
18  Poway, CA 92064

19  Martin T McGuinn
    Kirby & McGuinn
20  600 B Street
    Suite 1950
21  San Diego, CA 92101-4515

22  Jana Logan
    Miles Wright Finlay and Zak
23  350 West Ash Street
    Suite 670
24  San Diego, CA 92101

25   Sung-Min Christopher Yoo
    Alvarado Smith and Sanchez
26  4 Park Plaza
    Suite 1200
27  Irvine, CA 92614

28